UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF: YOONJUNG LEE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendant. | Case No.   24-mc-80169-EJD<br><br>**ORDER GRANTING IN PART *EX PARTE* APPLICATION FOR ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

Before the Court is Yoonjung Lee's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application"). Ex Parte Appl. for Order Granting Leave to Take Disc. for Use in a Foreign Proceeding ("Appl."), ECF No. 1; *see also* First Amended Ex Parte Appl., ECF No. 7 ("Am. Appl."). Applicant seeks discovery from Google LLC ("Google") and Meta Platforms, Inc. ("Meta") for use in a foreign civil lawsuit pending in the Seongnam Branch of the Suwon District Court in the Republic of Korea ("Foreign Civil Proceeding"). Am. Appl. 5. For the reasons stated below, the Application is **GRANTED IN PART**.

I.   **BACKGROUND**

Applicant is a licensed pharmacist in the Republic of Korea. ECF No. 1-1 (Declaration of Yoonjung Lee ("Lee Decl.")) ¶ 2. Dr. Blet HealthCare Co., Ltd. (hereinafter "Dr. Blet"), a Korean pharmaceutical company, researched and developed a dieting product, and Applicant counseled Dr. Blet as an expert. *Id.* ¶¶ 4, 6. Applicant was featured in an advertising commercial posted on

Case No.: 24-mc-80169-EJD
ORDER GRANTING IN PART *EX PARTE* APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

1

1  YouTube, Meta, and Instagram on May 14, 2024.  *Id.* ¶¶ 8–9.

2  Shortly after the video was posted, an anonymous account posted damaging comments

3  about Applicant, the company, and the product.  *Id.* ¶ 13.

4  Applicant filed a civil lawsuit against the anonymous individual in the Republic of Korea,

5  bringing claims related to the comments made on the advertising video.  Applicant brings this

6  action to determine the identity of the individual to allow the Foreign Civil Proceeding pending in

7  the Republic of Korea to proceed.

8  **II.    LEGAL STANDARD**

9  Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

10 evidence for use in foreign proceedings.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

11 *Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute specifically authorizes a district court to

12 order a person residing or found within the district "to give his testimony or statement or to

13 produce a document or other thing for use in a proceeding in a foreign or international tribunal."

14 28 U.S.C. § 1782(a).  The statute may be invoked where: (1) the discovery is sought from a person

15 residing in the district of the court to which the application is made; (2) the discovery is for use in

16 a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

17 an "interested person."  *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

18 (9th Cir. 2019).

19 In addition to the mandatory statutory requirements, the district court retains discretion in

20 determining whether to grant an application under § 1782(a) and may impose conditions it deems

21 desirable.  *Intel Corp.*, 542 U.S. at 260–61.  In *Intel Corp.*, the Supreme Court created a non-

22 exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the

23 person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of

24 the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

25 foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3)

26 whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering

27
28 Case No.: 24-mc-80169-EJD
ORDER GRANTING IN PART *EX PARTE* APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

### III. DISCUSSION

#### A. Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a). First, Applicant satisfies the residence requirement because both Google and Meta are headquartered in this district. Am. Appl. 8. Second, the discovery is sought for use in a civil foreign proceeding in the Republic of Korea. *Id.*; 28 U.S.C. § 1782(a) (allowing discovery "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"). Third, Applicant is an "interested person" in the foreign proceeding, as Applicant is the plaintiff in the pending Foreign Civil Proceeding. *See Intel Corp.*, 542 U.S. at 256 (finding that a complainant who triggered a European Commission investigation "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of that term"); Am. Appl. 8.

Based on the foregoing, the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

#### B. Discretionary *Intel* Factors

At this stage, the discretionary *Intel* factors weigh in favor of granting the Application in part.

##### 1. Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even

1   though it is seeking discovery from a related, but technically distinct entity.") (quotation marks
2   and citation omitted).
3        Here, Google and Meta are not parties in the Foreign Civil Proceeding and are not
4   domiciled in the Republic of Korea; therefore, the court in the foreign proceeding would be unable
5   to compel production of discovery without the aid of Section 1782. "In these circumstances, the
6   need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the
7   foreign tribunal may order parties appearing before it or third parties within its jurisdiction to
8   produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal.
9   June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of
10  granting Applicant's request.

### 2.  Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, the Court is unaware of any evidence that the court in the Foreign Civil Proceeding would reject evidence obtained via Section 1782. Accordingly, given that there is no authoritative proof that the court would reject evidence obtained under Section 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3.  Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also favors granting the Application. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign

1  proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal.
2  2021) (quotations and citations omitted).

3  Here, Applicant's counsel has represented that they are not attempting to circumvent
4  foreign proof gathering restrictions or policies imposed by the court that would prohibit the proof-
5  gathering sought here. Appl. 10. The Court does not find that there is any reason to doubt
6  Applicant's counsel's representations. Accordingly, there is nothing to indicate that the third *Intel*
7  factor should weigh against granting the Application.

### 4.  **Unduly Intrusive or Burdensome**

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Here, Applicant argues that it seeks documents targeted to evidence directly relevant to the issues in Foreign Civil Proceeding in the Republic of Korea. Am. Appl. 11–13. The subpoena seeks information from Meta and Google about the identified accounts, including names, dates of birth, addresses, email addresses, telephone numbers, IP addresses, and banking information. Applicant appears to seek categories of information that are clearly defined and that should be easily identified and produced with minimal burden. And Applicant does not seek the contents of any communications associated with the anonymous individual. However, Applicant has not shown that her request for the individual's banking information is narrowly tailored or necessary to obtain the individual's identity in light of the other requested information, and the Court will strike that request from the proposed subpoenas. *Id.* at 7.

The Court finds Applicant's request, as modified above, to be narrowly tailored to documents directly relevant to the Foreign Civil Proceeding, and the subpoena's scope suggests that the requested discovery is not unduly intrusive or burdensome. Therefore, the Court finds that the fourth *Intel* factor favors granting Applicant's request.

Case No.: 24-mc-80169-EJD
ORDER GRANTING IN PART *EX PARTE* APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

**IV. CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor granting the Application.

Accordingly, the Section 1782 Application is **GRANTED IN PART.** Applicant may serve the proposed subpoenas (ECF Nos. 1-2, 1-3) on Google and Meta, with the following requirements:

1. Applicant SHALL strike from the proposed subpoenas any request for banking information (Part (vi) of Request for Production No. 1).
2. Applicant SHALL serve a copy of this Order on Google and Meta with the proposed subpoenas;
3. Google and Meta may file—no later than 30 days after service or notice—a motion to quash or modify the subpoenas before this Court;
4. If any party disputes the subpoenas, Google and Meta SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;
5. This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google and Meta.

**IT IS SO ORDERED.**

Dated: August 22, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 24-mc-80169-EJD
ORDER GRANTING IN PART *EX PARTE* APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

6